# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11cv56-V-02
# (5:07cr50-5-V)

| | |
|---|---|
| **CHAKIRIS LAGEORGE RAMSEY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent,** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence, filed April 20, 2011 (Doc. No. 1).

## I. PROCEDURAL BACKGROUND

On May 5, 2009, Petitioner appeared before the Court and entered guilty pleas to his violations of 21 U.S.C. § 846 (Count One), 21 U.S.C. § 841 (Count 21) and 18 U.S.C. § 924(c)-(1) (Count 22). (Criminal Case No. 5:07cr50, Doc. No. 276). On January 25, 2010, the Court held a sentencing hearing at the conclusion of which it sentenced Petitioner to two reduced, concurrent terms of 87 months imprisonment for Counts One and 21, and to a consecutive term of 60 months imprisonment for Count 22). (Id., Doc. No. 392). On February 5, 2010, Petitioner timely filed his Notice of Appeal to the Fourth Circuit Court of Appeals. (Id., Doc. No. 396). On April 20, 2011, Petitioner filed the instant Motion to Vacate. (Doc. No. 1). By his Motion, Petitioner seeks to raise several claims of ineffective assistance of counsel, and a claim that he was subjected to an illegal search and seizure. (Doc. No. 1 at 4-8). However, the Court has reviewed the record of this matter and discovered that Petitioner's criminal appeal has been

consolidated with those of two co-defendants, and still is pending with the Fourth Circuit Court of Appeals under case numbers 10-4174 and 09-4871.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs, sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion. Having carefully conducted the foregoing review, the Court finds that Petitioner's motion to vacate should be dismissed as prematurely filed.

## III.    DISCUSSION

Absent extraordinary circumstances, which do not appear here, this Court should not consider Petitioner's § 2255 motion while review of his criminal case is pending on direct appeal. Rendelman v. United States, 2008 WL 2945559 (D. Md. July 28, 2008) (quoting Bowen v. Johnson, 306 U.S. 19 (1939)), appeal dismissed by 308 F. App'x 685 (4th Cir. Jan. 22, 2009); Rules Governing Section 2255 Proceedings, Rule 5 (advisory committee note stating that courts have held that motions to vacate are "inappropriate if the movant is simultaneously appealing the decision."). See also Robinson v. United States, 2007 WL 1468595, at *3 (N.D. W.Va. May 18, 2007) (adopting R& R dismissing § 2255 motion as premature because issues raised therein were not "uniquely separable" from and "collateral" to those raised in pending appeal).

As was noted, Petitioner's criminal case is currently is pending on appeal along with the appeals of two of his co-defendants. Petitioner has not alleged any extraordinary circumstances warranting immediate review of his habeas claims. Furthermore, while the record currently is

silent as to the nature of Petitioner's appellate issues, it is conceivable that the appeal addresses matters which, at the very least, are indirectly related to one or more of the claims proposed by his Motion to Vacate. Therefore, Petitioner's Motion to Vacate should be dismissed, without prejudice, as premature. See McIver v. United States, 307 F.3d 1327, 1332 n.2 (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending" because the petitioner may obtain on direct review relief of a nature which renders moot the issues that he also is raising on collateral review); and United States v. Restrepo-Suares, 516 F. Supp.2d 112, 114 (D. D.C. Oct. 15, 2007) (noting that the orderly administration of criminal law precludes considering a motion under §2255 while a direct appeal is pending, absent extra-ordinary circumstances to warrant the simultaneous consideration) (citing Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968)).

**NOW, THEREFORE, IT IS ORDERED** that the instant Motion to Vacate (Doc. No. 1) is **DISMISSED, without prejudice,** as premature.

**SO ORDERED.**

Signed: April 25, 2011

Richard L. Voorhees
United States District Judge